B25A (Official Form 25A) (12/11)

## United States Bankruptcy Court
### Western District of Oklahoma

In re  **John Williams**
     **DeAnna Williams**
                        Debtor(s)

Case No.  **12-12294**
Chapter  **11**

Small Business Case under Chapter 11

## JOHN WILLIAMS AND DEANNA WILLIAMS'S PLAN OF REORGANIZATION, DATED OCTOBER 30TH, 2012.

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **John Williams and DeAnna Williams** (the "Debtor") from future earnings and rental property income.

This Plan provides for **5** classes of secured claims; **6** classes of unsecured claims; and **0** classes of equity security holders. Unsecured creditors holding allowed claims based upon pecuniary loss (class VII) will receive full distributions, which the proponent of this Plan has valued at approximately **100** cents on the dollar. This Plan also provides for the payment of administrative and priority claims if payment is not in full on the effective date of this Plan with respect to any such claim.

A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

2.02   Class 2.   Pre Petition Taxes entitled to priority under 11 U.S.C. Section 507 (a) (8). All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

2.03   Class 3.   Secured Claims other than mortgages. Claims of creditors holding as collateral personal property belonging to the debtors'.

2.04   Class 4.   Un modified mortgages with arrearages. The claims of mortgagees in which the terms of the contract have not been altered or changed in which an arrearage exists from missed monthly mortgage payments.

2.05   Class 5.   Mortgages determined under 11 U.S.C. section 506. The claims of mortgagees in which the secured status of the mortgage has been determined under section 506 of the bankruptcy code and the unsecured portion has been relegated to class X.

2.06   Class 6.   Negotiated Mortgages. The claims of mortgagees in which the outstanding balance to be paid by the Debtors' has been negotiated to an amount that differs from the contractual outstanding balance.

2.07   Class 7.   Non-Priority unsecured claims based on pecuniary loss. The claims of creditors not secured by any collateral that also serves as property belonging to the Debtors' and not entitled to priority treatment, but based on funds or services actually provided to the Debtors'.

2.08    Class 8. <u>Non-Priority unsecured claims based on non-pecuniary loss.</u> The claims of creditors not secured by any collateral that also serves as property belonging to the Debtors', and not entitled to priority treatment, but <u>not</u> based on funds or services actually provided to the Debtors'.

2.09    Class 9. <u>Non-Dischargeable Unsecured.</u> The claims of creditors not secured by any collateral that also serves as property belonging to the Debtors' and whose debt is not readily dischargeable in Bankruptcy.

2.10    Class 10. <u>Unsecured deficiency claims.</u> The claims of creditors not secured by any collateral that also serves as property belonging to the Debtor's and whose claim arises from application of section 506 of the bankruptcy code.

2.11    Class 11. <u>Property to be surrendered to secured creditor.</u> The claims of secured creditors who will be receiving its collateral in full satisfaction of the Debt thereon.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.02    <u>Priority Tax Claims.</u> Each holder of an allowed priority tax claim will be paid in full over a five year term.

3.03    <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 2 - Priority Claims | Impaired | Each holder of a claim in this class will receive full payment of its finally allowed claim over a term of five (5) years at zero (0) percent APR. Each holder of a claim in this class will receive 160th of the amount of its finally allowed claim each month until paid in full. |
| Class 3 - Secured Claim other than mortgages. | Unimpaired | Each holder of a claim in this class shall receive its monthly payment amount as the ongoing payment for the corresponding property. |
| Class 4 - Un Modified mortgages with arrearages. | Impaired | Each holder of a claim in this class shall receive its un-going monthly mortgage payment plus 160th of the amount of the arrearage. |

B25A (Official Form 25A) (12/11) - Cont.                                                                                                    3

| | | |
|---|---|---|
| Class 5- Mortgages determined under section 506. | Impaired | Each holder of a claim in this class shall receive the amount of its finally allowed secured claim as determined under Section 506 in equal monthly installments as amortized over a period of five years or its remaining contractual length, which ever is longer in time. |
| Class 6- Negotiated Mortgages | Impaired | Each holder of a claim in this class shall receive the negotiated amount as amortized over the remaining contractual period unless a different installment term has been agreed upon by the debtors. |
| Class 7- General Unsecured Claim based upon Pecuniary Loss | Impaired | Each holder of a claim in this class shall receive 99% of its finally allowed claim at its contractual rate. |
| Class 8- General Unsecured Claim based on Non-Pecuniary Loss | Impaired | Each holder of a claim in this class shall receive 10% of its finally allowed claim. |
| Class 9- Non-Dischargeable Unsecured | Unimpaired | Each holder of a claim in this class shall receive its un-going monthly payment in accordance with the underlined contract. |
| Class 10- Unsecured Deficiency Claims | Impaired | Each holder of a claim in this class shall receive 0% of its finally allowed claim. |
| Class 11- Property Surrendered | Impaired | Each holder of a claim in this class shall receive its collateral in full satisfaction of the debt thereon. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

To implement this plan, it is the Debtors' intent to fund the plan from funds obtained from their employment and from rental income. Debtor Deanna Williams will be administering the terms of the confirmed plan.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severeability. If any provision in this Plan is determined to be un-enforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oklahoma govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

B25A (Official Form 25A) (12/11) - Cont.                                                                                                               5

## ARTICLE IX
## DISCHARGE

9.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully Submitted,

John Williams
Plan Proponet

Deanna Williams
Plan Proponet

Gabriel Rivera
Attorney for the Plan Proponet
PO BOX 7837
Moore, Ok 73153-1837